IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-0163 (JDB) |
| : | |
| ALEX OGANDO, : | |
| : | |
| Defendant. : | |
| : | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF
PRETRIAL DETENTION ORDER AND REQUEST FOR HEARING
(Under Seal)**

NOW COMES, the Defendant, Mr. Alex Ogando, by and through his counsel, Brian K. McDaniel and The McDaniel Law Group, PLLC, respectfully moving this Honorable Court to reconsider his pre-trial detention status and to modify his current order of detention pursuant to 18 U.S.C. § 3145(b). Specifically, Mr. Ogando requests that this court release him to either heightened supervision or intensive supervision, consistent with the Courts need to protect the safety of the community and to ensure the presence of the defendant at any future Court proceedings. In support for this Motion, counsel proffers the following:

BACKGROUND

I. STATEMENT OF THE CASE

   A. Procedural History

Mr. Ogando is before this Court charged in a one-count indictment alleging Conspiracy to Distribute 400 grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl in violation of 21 U.S.C. § 846. More specifically it is alleged that Mr. Ogando and his co-defendant conspired to distribute the Schedule II

1

narcotic using several darknet markets between March of 2019 and continuing through on or about February of 2021. The allegations largely include assertions that Defendant created profiles which allowed the online purchase of narcotics which would be sent to purchasers using packages sent through the U.S. Postal Service.

On April 8, 2021, after a pretrial detention hearing in this matter, the Honorable Magistrate Judge Harvey ordered that Defendant Ogando be held without bond pursuant to 18 U.S.C. § 3142 finding that there were no conditions or combination of conditions which could be set in order to address any danger to the community that Mr. Ogando might represent and finding that Mr. Ogando represented an unreasonable risk of flight. Counsel proposes by this motion that the Defendant be released under the provisions of the Heightened Supervision Program and to the Third-Party Custodianship of his fiancé, Ms. Jocelyn Lopez who resides at her home address in Providence Rhode Island, or in the alternative that he be transferred to a detention facility closer to his home in Providence.

### B. Statement of Facts

It is alleged that Mr. Ogando and his co-defendant conspired to distribute the Schedule II narcotic using several darknet markets between March of 2019 and continuing through on or about February of 2021. The allegations largely include assertions that Defendant created online profiles which allowed the online purchase of narcotics which would be sent to purchasers using packages sent through the U.S. Postal Service. Many if not all of the online vendors law enforcement believes to have been employed in connection with the purported conspiracy have been either voluntarily shut down or uncovered and shuttered by law enforcement.

Notably, throughout the entirety of the investigation and in all of the initial discovery provided to date, the government has not alleged that Mr. Ogando was involved in any violent act or the possession of any firearms in connection with this purported conspiracy.

### C. Legal Framework

A judicial officer must order the detention of a person charged with an offense if, after a detention hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In making that determination, the judicial officer must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g).

Ordinarily "[t]he facts the judicial officer uses to support a finding…that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id*. § 3142(f). However, when "there is probable cause to believe that the [defendant] committed … an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the

3

appearance of the [defendant] as required and the safety of any other person and the community." *United States v. Muschetta*, 118 F.Supp. 3d 340, 344 (D.D.C. 2015) (quoting 18 U.S.C. §3142(e)(3)); see *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (per curiam).

The Court "may rely on a grand jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e). "*United States v. Bethea*, 763 F.Supp. 2d 50,52 (D.D.C. 2011) (internal quotation marks omitted); see *Smith*, 79 F.3d at 1210 ("[T]he indictment alone would have been enough to raise the rebuttable presumption that no condition would reasonably assure the safety of the community."). But even with a finding of probable cause, the Court still "must evaluate the weight of the evidence against each defendant…to determine whether pretrial detention is proper." *Muschetta*, 118 F.Supp. 3d at 344 (citing 18 U.S.C. § 3142(g)(2)).

## ARGUMENT

I. **THE COURT SHOULD RECONSIDER THE ORDER OF DETENTION OF MR. OGANDO AS THE AVAILABLE ADDRESS AND THIRD-PARTY CUSTODIAN REBUTS THE PRESUMPTION OF DANGEROUSNESS AND RISK OF FLIGHT.**

Counsel by this petition requests that Mr. Ogando be allowed to participate in the Pre-Trial Services Heightened Supervision Program. Counsel has verified that Mr. Ogando's paramour, Ms. Jocelyn Lopez, resides at an address previously identified in Providence Rhode Island which has been provided to Pre-Trial Services. Additionally, Ms. Lopez has represented that she would be willing to allow Mr. Ogando to reside with her at the address noted above and to make whatever modifications that are necessary to the phone service within the home for compliance with the strictures of the program. This result would also allow Mr. Ogando to avoid his continued detention in the District of

Columbia Jail. As this Court knows, as a result of the investigation conducted by the Marshals' service into the conditions at the D.C. jail, several of the inmates previously detained therein have been relocated to facilities up and down the eastern seaboard. As Mr. Ogando's does not wish to remain in these conditions, he requests that this Court release him to the third-party custodianship of Ms. Lopez or Order his transfer to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island such that he might be closer to his family during the pendency of this matter.

The strictures of the pre-trial heightened supervision program would sufficiently address the considerations before this court as it relates to the bond request for Mr. Ogando. The Pretrial Services Program will also mandate that Mr. Ogando be at the appointed address at all times. This will significantly restrict the movement of the Defendant and would minimize any threat to the public safety that he may represent.

**WHEREFORE**, counsel requests that this court Order the release of Mr. Ogando under the strictures of the pre-trial heightened supervision program.

Respectfully submitted,

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.
The McDaniel Law Group, PLLC
1001 L. Street S.E.
Washington, D.C. 20003
Telephone (202) 331 – 0793
bkmassociate@aol.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2022 a copy of the foregoing Motion to Reconsider Pretrial Detention Order, was served upon counsel for the United States by electronic messaging.

/s/Brian K. McDaniel
Brian K. McDaniel, Esq.

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-0163 (JDB) |
| : | |
| ALEX OGANDO, : | |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Upon consideration of Defendant's Motion Requesting Modification of the Magistrate Judge's Order of Detention, any response thereto and all of the information in the possession of this court, it is this _____ day of _____, 2022 hereby

ORDERED, that the motion is GRANTED.

_____
JUDGE

6